CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TERELL MOORE**, ) | |
| Petitioner, ) | Case No. 7:23cv00456 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **CHADWICK DOTSON, Director,** ) | |
| **Virginia Department of Corrections**, ) | By:  Pamela Meade Sargent |
| Respondent. ) | United States Magistrate Judge |

Petitioner Terell Moore, ("Moore"), a Virginia inmate, filed a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, ("Petition"), challenging his 2005 conviction for first-degree murder.[1]  The Fourth Circuit Court of Appeals authorized the filing of this second or successive Petition, as required by 28 U.S.C. § 2244(b)(3).  *In re: Terell Moore*, No. 23-177 (4th Cir. July 24, 2023). The case was transferred to the undersigned on October 30, 2023, by the consent of the parties pursuant to 28 U.S.C. § 636(c). (Docket Item No. 13.)   The Respondent filed a Motion to Dismiss the Petition, which this court granted by Memorandum Opinion and Order entered April 22, 2025. (Docket Item Nos. 40, 41.)  The matter is before the court on Moore's Amended Rule 59(e) Motion, (Docket Item No. 45) ("Motion"). For the reasons stated below, the Motion will be denied.

The procedural history and relevant facts related to Moore's Petition were set out in the court's April 22, 2025, Memorandum Opinion and will not be repeated here. The Motion seeks to alter the court's judgment, arguing that the undersigned

---

[1] Moore filed his Petition and Amended Petition pro se. Counsel subsequently entered an appearance on his behalf. By Order entered June 30, 2025, the court allowed counsel to withdraw, and Moore, again, pursues this matter pro se.

did not have authority to enter final judgment on the Petition. The Motion also argues that the court improperly adjudicated the merits of his ineffective assistance of counsel claim and based its decision on "a 'material' misguided understanding of the evidence." (Motion at 4.)

## I.

In *Pacific Ins. Co. v. American National Fire Ins. Co.*, the Fourth Circuit summarized the standard a district court should use in deciding a Rule 59(e) motion:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See* [*EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)]; *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); 11 Wright et al., [FEDERAL PRACTICE AND PROCEDURE] §2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") Similarly, if a party relies on

newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright et al., *supra* §2810.1 at 124.

148 F.3d 396, 403 (4th Cir. 1998). "The purpose of a Rule 59(e) motion is not to give 'an unhappy litigant one additional chance to sway the judge.'" *Allen v. Hurley*, 2024 WL 3706608, at *1 (W.D. Va. Aug. 7, 2024) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va 1977)). "[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082.

## II.

In his Motion, Moore argues that the court erred as a matter of law, in that it adjudicated his ineffective assistance of counsel claim on the merits without determining whether his Petition met the requirements of 28 U.S.C. § 2244. (Motion at 3-4.) He also argues that the court ruled based on a "'material' misguided understanding of the evidence." (Motion at 4-17.)[2] A review of the undersigned's April 22, 2025, Memorandum Opinion, demonstrates that Moore's first argument is simply wrong. In the Opinion, the court recognized and, then, addressed whether Moore's successive Petition met the requirements of 28 U.S.C. § 2244. (Docket Item No. 40 at 11-22.) The court dismissed his Petition after finding that it did not. Furthermore, Moore's second argument – that the court had a material misguided understanding of the evidence – is simply rehashing the arguments that he made in his Petition in the court's original ruling. Moore points to no new evidence. The only

---

[2] As stated above, Moore, in his Motion, also argued that the undersigned magistrate judge lacked the authority to enter final judgment on his successive Petition, but Moore withdrew that argument during the June 30, 2025, hearing.

3

evidence attached to his Motion is the Affidavit of Dr. Jack Daniel, M.D., J.D., which was attached to his Petition and fully considered by the court in its ruling. Nor has Moore shown any change in the law since the court's ruling or any "clear error of law" in the court's original ruling or "manifest injustice" resulting therefrom. *Pac. Ins. Co.,* 148 F.3d at 403.

## III.

Based on the above, the court will deny the Motion.

An appropriate order will be entered this day.

**ENTERED**: July 21, 2025.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE